UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRANDON T. HARRIS       ]
    Plaintiff,          ]
v.                      ]     No. 3:16-2761
                        ]     Chief Judge Sharp
HOUSTON COUNTY JAIL     ]
    Defendant.          ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Stewart County Jail in Dover, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Houston County Jail, seeking damages.

Prior to arriving at his present place of confinement, the plaintiff was an inmate at the Houston County Jail in Erin, Tennessee. While he was mowing the lawn behind that facility, the lawn mower rolled over on him, cutting his right hand and elbow badly.

The plaintiff was taken to a local hospital where stitches and staples were used to close his wounds. The plaintiff is now seeking compensation from the defendant for his pain and suffering.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451

1

U.S. 527, 535 (1981).

A county sheriff's department is not a person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007), see also Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Houston County, the entity responsible for the operation of the jail. However, for Houston County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, lacking an arguable basis in law or fact, this action shall be dismissed as legally frivolous. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief District Judge